**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**

*In re* **L.B., G.B., J.B., R.B., and B.B.**

**No. 21-1037** (Mason County 21-JA-10, 21-JA-11, 21-JA-12, 21-JA-13, and 21-JA-14)

**MEMORANDUM DECISION**

Petitioner Mother C.R., by counsel R. Michael Shaw, appeals the Circuit Court of Mason County's November 30, 2021, order terminating her parental and custodial rights to L.B., G.B., J.B., R.B., and B.B.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel Patrick Morrisey and Brittany N. Ryers-Hindbaugh, filed a response in support of the circuit court's order. The guardian ad litem ("guardian"), Tanya Hunt Handley, filed a response on the children's behalf in support of the circuit court's order. On appeal, petitioner argues that the circuit court erred in terminating her parental and custodial rights upon insufficient evidence.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In April of 2021, the DHHR filed a child abuse and neglect petition alleging that petitioner and the father abused controlled substances that negatively affected their ability to parent the children. The DHHR alleged that the parents received safety services from February of 2020 through April of 2021, but, even with services in place, the safety of the children could not be ensured. The DHHR described then fifteen-year-old L.B. had an "odor" while at school. The child explained that there were multiple dogs in the home that were not house trained and

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W. Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W. Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W. Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W. Va. 641, 398 S.E.2d 123 (1990).

would defecate and urinate in her bed. The dogs' waste was also found on the child's clothes. L.B. stated that her siblings (ages eight through twelve) also complained of the dogs' behavior. Additionally, the DHHR reported that then-twelve-year-old G.B. had a brain tumor removed in 2017, but petitioner failed to schedule necessary follow up medical appointments for the child. Finally, the DHHR alleged that the father exhibited violent tendencies and committed domestic violence in front of the children. The father allegedly "tore an entire door off its hinges" to enter a bathroom where petitioner was hiding. The children attempted to intervene by bringing a family dog in between their parents. The children relayed that when they were absent from the home, "they constantly call[ed] . . . to check on [petitioner]" due to their fear for her safety. Petitioner waived her right to a preliminary hearing.

In June of 2021, petitioner stipulated to the allegations that her substance abuse negatively affected her ability to parent the children and that she failed to provide G.B. with appropriate medical care. The circuit court accepted petitioner's stipulation and adjudicated her as an abusing parent and the children as abused and neglected children. The court ordered petitioner to participate in a parental fitness evaluation, parenting and adult life skills classes, supervised visitation, and random drug screening.

Following the hearing, petitioner moved for a post-adjudicatory improvement period on June 8, 2021. On June 25, 2021, the guardian filed a report that petitioner was not compliant with the recommendations of the multidisciplinary treatment team ("MDT"). The MDT recommended petitioner submit to a drug detoxification center and a date was scheduled for her to enter a program, but she failed to attend. The DHHR reported that petitioner tested positive for methamphetamine "on multiple occasions." According to the parties' respective reports, petitioner was late for her first supervised visitation with the children and failed to appear for the second and third scheduled visits.

The DHHR received petitioner's parental fitness evaluation in August of 2021. The DHHR relayed that the evaluator provided petitioner a "poor" prognosis for attainment of minimally adequate parenting within the typical time frame.[2] The evaluator based this opinion on petitioner's minimization of her own behavior related to the abuse and neglect of the children; her noncompliance with mandated services; her history of domestic violence; her history of polysubstance abuse and dependance; her neglect of the children's basic needs; and her history of unemployment and unstable housing. The DHHR confirmed that petitioner had "not complied with any services aside from [the parental fitness evaluation] and ha[d] not drug screened consistently."

The circuit court held a hearing on petitioner's motion for a post-adjudicatory improvement period in September of 2021.[3] Petitioner testified in support of her motion, and the

---

[2]Petitioner did not provide a copy of her parental fitness evaluation in the appendix record.

[3]Petitioner did not include a transcript of this proceeding in the appendix record.

DHHR presented testimony from two witnesses, one of whom was a DHHR worker. The DHHR reported that petitioner failed to comply with services. Further, petitioner missed a recent visit with the children that was scheduled for G.B.'s birthday. Ultimately, the circuit court found that petitioner failed to demonstrate that she was likely to fully participate in an improvement period because she failed to follow through with parenting and adult life skills classes, address her substance abuse, or participate in supervised visitation. Accordingly, the circuit court denied petitioner's motion and scheduled a dispositional hearing. The guardian filed a motion to terminate petitioner's parental rights in October of 2021, alleging that there was no reasonable likelihood that the conditions of neglect or abuse could be substantially corrected in the near future.

In October of 2021, the circuit court held the final dispositional hearing during which petitioner again moved for an improvement period. Petitioner introduced a recent drug screen result, indicating she was not abusing nonprescribed substances, but presented no additional testimony. The DHHR joined in the guardian's motion to terminate petitioner's parental rights. The court, considering prior evidence and arguments presented, found that there was no reasonable likelihood that the conditions of neglect or abuse could be substantially corrected in the near future. The court found that there was a "lack of involvement by [petitioner] in services prior to, and since, the filing of the [p]etition in this matter." Finally, the court found that termination of petitioner's parental rights was in the children's best interests and necessary for their welfare. Accordingly, the circuit court terminated petitioner's parental and custodial rights to the children by its November 30, 2021, order. Petitioner now appeals that order.[4]

The Court has previously held:

> "Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W. Va. 89, 717 S.E.2d 873 (2011).

---

[4]The father's parental rights were also terminated below. According to the parties, the permanency plan for the children is adoption in a foster placement.

3

On appeal, petitioner argues that the circuit court erred in terminating her parental and custodial rights because its findings of fact are not supported by the record and are inconsistent with the evidence presented. According to petitioner, the issue in this appeal is "whether the record, as a whole," supports the circuit court's termination of petitioner's parental and custodial rights. Petitioner further argues that the circuit court erred in finding that she "had not substantially complied with the terms of a post-adjudicatory improvement period" because she was not granted an improvement period.[5] Petitioner also argues, without any citation to the record, that she had adequate housing for the children at the time of the dispositional hearing, but she does not address whether she remedied the other conditions of abuse and neglect.[6] Petitioner is entitled to no relief on appeal.

Notably, petitioner's appeal falls woefully short of complying with Rule 10(c)(7) of the West Virginia Rules of Appellate Procedure, as it contains only a single citation to the appendix. The lone citation appears in her statement of the case, directing the Court's attention to the child abuse and neglect petition. Rather than identify any error by the circuit court, petitioner asks this Court to review the record in its entirety and determine if the circuit court erred. However, "[j]udges are not like pigs, hunting for truffles buried in briefs." *State v. Kaufman*, 227 W. Va. 537, 555 n.39, 711 S.E.2d 607, 625 n.39 (2011) (citation omitted). Indeed, Rule 10(c)(7) of the West Virginia Rules of Appellate Procedure requires that "[t]he argument must contain appropriate and specific citations to the record on appeal, including citations that pinpoint when and how the issues in the assignments of error were presented to the lower tribunal." Critically, this Rule also provides that "[t]he Court may disregard errors that are not adequately supported by specific references to the record on appeal." *Id*.

Nevertheless, upon our review of the facts outlined above, we find that the circuit court had sufficient evidence upon which to base findings that there was no reasonable likelihood petitioner could substantially correct the conditions of abuse and neglect in the near future and that termination was necessary for the children's welfare. Pursuant to West Virginia Code § 49-4-604(c)(6), circuit courts may terminate a parent's parental and custodial rights upon these

---

[5]It appears from the record that the circuit court did not make such a finding but did find that petitioner was noncompliant with services offered by the DHHR.

[6]Without a citation to authority or the record, in violation of Rule 10(c)(7) of the West Virginia Rules of Appellate Procedure, petitioner briefly asserts that the child abuse and neglect petition did not contain specific allegations against her. *See* W. Va. Code § 49-4-601(b) ("The petition shall allege specific conduct including time and place [and] how the conduct comes within the statutory definition of neglect or abuse with references to the statute[.]"). However, petitioner does not cite to the record to show where this error was raised below. "'Our general rule is that nonjurisdictional questions . . . raised for the first time on appeal, will not be considered.' *Shaffer v. Acme Limestone Co., Inc.*, 206 W.Va. 333, 349 n. 20, 524 S.E.2d 688, 704 n. 20 (1999)." *Noble v. W. Va. Dep't of Motor Vehicles*, 223 W. Va. 818, 821, 679 S.E.2d 650, 653 (2009). Accordingly, this alleged error will not be addressed.

findings. *See also* Syl. Pt. 5, *In re Kristin Y.*, 227 W. Va. 558, 712 S.E.2d 55 (2011) (holding that termination of parental rights, "the most drastic remedy" in abuse and neglect cases, may be employed "when it is found that there is no reasonable likelihood . . . that conditions of neglect or abuse can be substantially corrected"). The circuit court found that petitioner was not likely to participate in an improvement period because she failed to comply with services recommended by the MDT, namely parenting and adult life skills classes, substance abuse treatment, or even supervised visitation with the children.[7] This evidence supports the circuit court's ultimate determination that there is no reasonable likelihood that the conditions of neglect or abuse could be substantially corrected in the near future, and petitioner's argument that this finding is erroneous is wholly unconvincing. Accordingly, we find no reversable error on appeal.

For the foregoing reasons, we find no error in the decision of the circuit court, and its November 30, 2021, order is hereby affirmed.

Affirmed.

**ISSUED**: May 12, 2022

**CONCURRED IN BY**:

Chief Justice John A. Hutchison
Justice Elizabeth D. Walker
Justice Tim Armstead
Justice William R. Wooton
Justice C. Haley Bunn

---

[7]"We have previously pointed out that the level of interest demonstrated by a parent in visiting his or her children while they are out of the parent's custody is a significant factor in determining the parent's potential to improve sufficiently and achieve minimum standards to parent the child." *In re Katie S.*, 198 W. Va. 79, 90 n.14, 479 S.E.2d 589, 600 n.14 (1996) (citations omitted).